## Schilling, for use of First National Bank, *v.* Ohio Township, Appellant.

*Municipalities—Townships—Promissory notes—Work done—Defenses—Want of consideration—Township supervisors' authority to borrow money—Sufficiency of revenues—Honest mistake—Meetings—Notice of meetings—Evidence—Charge of court.*

1. Where in an action on a promissory note made by the supervisors of a township in payment for work done and material furnished, the defense was that the giving of the note was authorized at a meeting of the supervisors not legally called, that the amount was beyond the revenues of the township and no tax levy made to secure its payment, and that the note was without proper consideration, but where it appeared that the meeting of the supervisors had been called by the secretary "for the purpose of executing a note of $2,500" to the contractor who had performed work for the township it was not material that only two of the supervisors of the township attended the meeting, where it appeared that the third member had received a postal card notifying him of the meeting and of the business to be transacted but had mislaid it.

2. Where in such case it appeared that the supervisors had levied a tax of five and one-half mills, and that, upon the happening of an extraordinary flood, whereby roads and bridges were destroyed, an additional levy of four and one-half mills was made before the execution of the note in question, instructions to the jury are proper, to the effect that if the township supervisors honestly believed that the revenues so provided were sufficient to pay the note in question, it was not material that it afterwards appeared that they were mistaken in their judgment.

3. Where in such case it appeared that contracts had been made by the supervisors for repairs to roads and bridges, and that after certain of the work had been done the contractor was ordered to cease the work and was given the note in payment for the work

which he had done, the trial judge made no error in excluding evidence offered by plaintiff to show that the contract had not been performed, in the absence of fraud or collusion between the plaintiff and the former supervisors of the township. Even though the contract was not fully completed, the supervisors had a right to compensate the contractor for the work which he had done and the note given for that purpose could not subsequently be defeated by alleging want of consideration.

Argued Oct. 2, 1917. Appeal, No. 121, Oct. T., 1917, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1915, No. 173, on verdict for plaintiff, in case of Chandler Schilling, for use of the First National Bank, Beaver, Pa., v. Ohio Township. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,248.10 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury and rulings on evidence.

*R. S. Holt,* of *Holt, Holt & Richardson,* with him *R. W. Stiffey,* for appellant.

*D. A. Nelson,* of *Nelson & Nelson,* with him *J. L. Hogan* and *J. H. Cunningham,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

Plaintiff's action is based on a judgment note for $2,500 dated December 27, 1912, given by the supervisors of Ohio Township, Beaver County, in payment for labor and materials furnished in the construction of township bridges to replace others destroyed by flood. The note sued on was discounted by the First National Bank of

Beaver, Pa., the use-plaintiff, and on becoming due payment was refused by succeeding supervisors, who contended the obligation was void for the reasons : (1) it was authorized at a meeting of the supervisors not legally held; (2) the amount was beyond the revenues of the township and no tax levy was made to secure its payment; and (3) the note was given without proper consideration.   The necessity for the execution of the obligation was due to an unusual rainfall and flood, resulting in the destruction of a number of township bridges, and, in replacing them, an expenditure of funds in excess of immediate revenues was required.   The extent of the flood and damage done was described in the opinion in Potters National Bank v. Ohio Township, 260 Pa. 104. The note, in the case just referred to, represented money borrowed by the supervisors from the Potters National Bank and used in payment for work done by the contractor, the plaintiff here, and for expenses incident to general road repairs, while the note upon which the present action is based, was given to the contractor in payment of a balance due him for labor and materials furnished.

Previous to the date of the note in suit, a contract was entered into with plaintiff for the erection of five bridges, and a portion of the work had been completed conformably to its provisions when the contractor was directed to cease work and the note in question was given in payment for labor and materials furnished under the contract to that date.   The trial judge excluded evidence of the terms and conditions of the agreement and failure to comply with its requirements and charged that, if the labor and materials were furnished, the supervisors were clothed with authority in their discretion to compensate the contractor.   The meeting of the board of supervisors at which the note involved in this action was given was held December 27, 1912, after the contractor had completed, or substantially completed, three of the bridges and furnished materials for others.   The reason given

by defendant for contesting the validity of the meeting is that but two of the supervisors attended and that proper notice was not given the third or absent member. The secretary of the board, at the request of the chairman, mailed postal cards to the members containing notice of the meeting. The absent member having testified to making search for and his failure to find the postal received by him, the secretary was permitted to testify to its contents and in reply to questions said that, after naming the time and place of meeting, the object was stated to be "for the purpose of executing a note of $2,500 to Chandler Schilling and pay certain bills." The trial judge instructed the jury to ascertain the actual contents of the postal card and charged if the testimony of the secretary was believed the notice to the members sufficiently set forth the purpose of the meeting. The jury was also instructed to determine whether the amount represented by the note was within the ordinary revenues of the township. The verdict of the jury established the sufficiency of the notice and that the obligation was within the current revenues of the township, and as there is no assignment of error to the sufficiency of the evidence to support the verdict, a discussion of these questions is unnecessary. We may, however, state the court below, in its opinion discharging defendant's rule for a new trial, said: "The testimony was abundant to show that this debt was within the current revenues." In connection with this branch of the case, the fifth assignment alleges the trial judge erred in charging as follows: "It is not possible for human beings to look ahead and figure with exactness just what bills and expenses the township will have to bear; and if they levy a tax in good faith, believing that it will be sufficient within the year to provide for the payment of a debt, and it actually turns out that there is not enough money left at the end of the year to pay the debt, it is nevertheless a binding obligation, and it is within the current revenues, for after that it is largely a question of good faith on the

part of the tax levying authorities." Annual tax levies of from five to six mills made previous to the emergency herein referred to were found sufficient to meet the ordinary yearly expenses incident to the upkeep of the township roads. At a meeting held March 4, 1912, a levy of five and one-half mills was made for that year. On September 2d, the day following the flood, an additional levy of four and one-half mills was made and at a meeting held December 19, 1912, before the execution of the note in question, a total levy of ten mills was made for the year 1913. If the supervisors, acting in good faith, believed the revenues this provided were ample for all purposes, nothing further was necessary to make the debt, evidenced by the note in suit, a legal and binding obligation on the township, even though it subsequently appeared they were mistaken in their judgment: Addyston Pipe & Steel Co. v. Corry, 197 Pa. 41. When a contract pertains to the ordinary expenses of a municipality and is, together with other expenses, within the limits of its current revenues and such special taxes as it may legally and in good faith intend to levy to meet the same, such contract is not an indebtedness within the meaning of the constitutional provisions relating to the incurring of debts: Erie City's App., 91 Pa. 398.

The first, second, third and fourth assignments, complain of the action of the trial judge in excluding evidence offered by plaintiff and raise the question of the right to defend against the note by reason of nonperformance of plaintiff's contract to complete the bridges, and by showing plaintiff had, previous to the execution of the note, received payment in full for all work done. The court excluded the evidence offered, except to the extent it tended to prove the special meeting at which the note was authorized was not duly convened and that there was fraud and collusion in the transaction. Neither fraud nor collusion was proved and the testimony shows that after the construction of the bridges had progressed to almost completion, the contractor was

ordered to cease work and the note was then given in settlement of a balance found by the supervisors to be due him to that date. Even though the contract was not fully completed, the supervisors had the right, under the circumstances and in absence of fraud, to make compensation for work already done and a note given for that purpose cannot be .subsequently defeated by alleging want of consideration. The action of the court in excluding the evidence offered was not error.

The judgment is affirmed.