572 A.2d 1314

BRADFORD AREA EDUCATION ASSOCIATION, by Richard J. LUTZ, Jr., Kevin Quinn and Thomas A. Girard, Trustees Ad Litem, Appellants,

v.

BRADFORD AREA SCHOOL DISTRICT, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided April 4, 1990.

William A. Hebe, Spencer, Gleason & Hebe, Wellsboro, for appellants.

Christian T. Mattie, III, Mutzabaugh, Mutzabaugh, Saunders & Mattie, Bradford, for appellee.

Stephen S. Russell, Chief Staff Counsel, for amicus curiae, Pa. School Boards Ass'n.

Christine Garvey DeLuce, Ass'n Counsel, for amicus curiae, Pa. Newspaper Publishers' Ass'n.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

This is an appeal of the Bradford Area Education Association, by Richard J. Lutz, Jr., Kevin Quinn and Thomas A. Girard, Trustees Ad Litem, appellants, from a judgment entered for Bradford Area School District, appellee, by the Court of Common Pleas of McKean County on June 9, 1988.

Appellants' complaint alleges a violation of the Sunshine Act, the Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286 (Supp.1989–90), by members of the board of directors of appellee when an administrative plan of reorganization was considered and discussed without the public notice that is required by the Sunshine Act. A meeting was held on

January 19, 1988, at which time an agenda prepared by Dr. Elmer C. Myers, the Superintendent of Schools, announced that there would be an executive session to discuss personnel matters. The meeting was called without further public notice on January 19, 1988. On January 25, 1988, at a private meeting for another purpose, the superintendent, according to the trial court, "clarified for those present how he intended to meet with the affected staff."

Although there were questions and answers elicited at the meetings, the appellee contends that there was no deliberation within the meaning of the Sunshine Act, which defines the term "deliberation" as, "the discussion of agency business held for the purpose of making a decision". 65 P.S. § 273. The trial court also in this connection quoted the definition of "discussion" in Webster's New Collegiate Dictionary as, "the consideration of a question and open debate, argument for the sake of arriving at truth or clearing up difficulties. Discuss implies the sifting or examining, especially by presuming considerations both pro and con." (N.T., 5/27/88, p. 4.) The trial court stated further it did not appear that the evidence had been sufficiently presented to carry the burden of proof that "discussions" took place at the January meetings. He therefore concluded that the appellants had not met their burden of proof that either official action took place or official action was deliberated at the meetings which occurred in January.

In a supplemental opinion filed on August 25, 1988, the court found that there was a quorum in the meeting of January 19th, but it was unclear whether a quorum was present at the subsequent meeting held on January 25th. No witness at the second meeting could recall any specific topic relating to the reorganization other than that the superintendent did clarify how he intended to meet with the affected staff.

On January 2 and 9, 1988, the superintendent met with officers and members of the appellant association to inform them that on February 22 he intended to present to the board a reorganization plan that would result in twenty

furloughs. He formally presented his recommendation on this date and the board voted to conduct a public hearing on the plan as required by Section 780 of the Act of March 10, 1949 P.L. 30, *as amended,* added by the Act of April 4, 1984, P.L. 190, 24 P.S. § 7-780. At its meeting of June 13, 1988, the board adopted the reorganization plan after holding a series of meetings with the teaching staff and the public. The appellants request this Court to set aside the board's June 13th decision adopting the reorganization plan. The appellee contends that the court had discretion to decline to invalidate the June 13th vote adopting the reorganization plan and it also contends that the appeal by the appellants was untimely.

The only meetings that were alleged to have violated the Sunshine Act occurred on January 19th and or 25th, 1988. The suit was not instituted until May 12, 1988. The Sunshine Act provides, "a legal challenge under this Act shall be filed within thirty days from the date of a meeting which is open, or within thirty days from the discovery of any action that occurred at a meeting which was not open at which the Act was violated." 65 P.S. § 283. This suit was not instituted until May 12, 1988. The record shows that a Mr. Girard, president of appellant association and a social studies teacher, had read an editorial in the Bradford Era, published on February 18, 1988, alleging that there had been violations of the Sunshine Act. He had read the editorial at around the time it came out. In addition, John Shesman, the head of the Professional Rights and Responsibilities Committee for appellant association, also read the editorial. Therefore, it appears that the appeal was untimely. This question, however, was not answered by the court below. Although it is possible for the court to reach the conclusion that there were no "deliberations" as contemplated by the Sunshine Law or to base our decision on the fact that the appeal was untimely, we are constrained to affirm the decision of the trial court on the basis of our holding in *Ackerman v. Upper Mt. Bethel Township,* 130 Pa.Commonwealth Ct. 254, 567 A.2d 1116

(1989). In that case we decided that even if it is assumed that there was a violation of the Act, Section 13 of the Act outlines the consequences of such a violation and provides discretion in a trial court to refuse to construe the Act strictly. "Should the court determine that the meeting did not meet the requirements of this Act, it may *in its discretion* find that *any or all official action taken at the meeting* shall be invalid." (Emphasis in original.) 130 Pa.Commonwealth Ct. at 261, 567 A.2d at 1120. In the present case, the trial court was of the opinion that it should not invalidate the June 13th vote adopting the reorganization plans. The trial court stated:

> The purpose of the Act is to protect the public's right to observe the procedures of government and to participate in the processes by which the life of the citizenry is governed. It is in the light of that policy that we must determine how our discretion is to be exercised.

> Here the Board held extensive public meetings. The public had ample opportunity to voice both objections and support for the plan. The plaintiff's officers and members met several times with Dr. Myers and the Board and commented at length on the feasibility and advisability of the proposal. This was not a plan adopted in secret and then foisted on the unsuspecting public.

> If the Board's vote in adopting the proposal was set aside it would delay for a full year the implementation of any meaningful reorganization plan because of the notice provisions of the School Code, 24 P.S. § 5-524. It would be a year marked by uncertainty among the professional staff and students, escalating costs for the taxpayers, and additional delay in making the reforms which the Board has concluded are necessary for the healthy functioning of the system. We think the harm to the students, teachers, taxpayers, and the educational process itself occasioned by such a delay far outweigh any benefits that would accrue from setting aside the adopted plan and requiring the board to begin anew the procedure

leading to the same inevitable result. (Opinion of trial court, 8/25/88, pp. 5–6.)

We find no abuse of discretion on the part of the trial court. Furthermore, the legal challenge was not filed within the time period prescribed by the Act. Accordingly, we affirm its order.

## ORDER

NOW, April 4, 1990, the order of the Court of Common Pleas of McKean County, dated June 9, 1988, No. 528 Civil 1988, is hereby affirmed.