649 A.2d 177

**Karyl L. MOSER and Robert E. Moser, h/w, Appellants,**

**v.**

**Dr. Landis C. HEISTAND, M.D., and Ashland State General Hospital and Commonwealth of Pennsylvania, Department of Public Welfare, and Ashland Regional Medical Center.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided Oct. 14, 1994.

Petition for Allowance of Appeal Granted April 7, 1995.

---

110

Stanley J. Brassington, for appellants.

Gerhard Schwaibold, Deputy Atty. Gen., for appellees.

Before COLINS and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Karyl L. Moser and her husband Robert E. Moser appeal from an order of the Court of Common Pleas of Schuylkill County (trial court) which sustained the preliminary objections filed by Ashland State General Hospital (Ashland) and the Commonwealth of Pennsylvania, Department of Public Welfare (DPW), and dismissed the medical negligence action

brought by the Mosers against Dr. Landis C. Heistand, Ashland and DPW.

On September 4, 1990, Karyl Moser fractured two bones of her lower right leg and ankle for which she sought treatment at Ashland. Mrs. Moser was admitted under the care of Dr. Heistand, an orthopedic surgeon on the staff at Ashland. After reviewing her x-rays, Dr. Heistand performed surgery on Moser's injured leg and ankle. Moser was released from Ashland on September 10, 1990. Moser alleged that from the date of her surgery to the date of discharge, she complained of pain in her leg and ankle.

Dr. Heistand removed surgical hardware from Moser's leg permitting her to return to work on January 24, 1991. Moser continued post-operative treatment and rehabilitation with Dr. Heistand until May 6, 1991. Moser alleges that from the time of her discharge until her final visit with Dr. Heistand, she repeatedly complained to him of pain and discomfort in her leg, difficulty in walking, and an inability to stay on her feet for any length of time.

Moser alleges that, because Dr. Heistand failed to act on her complaints, she sought a second opinion and consulted with a different orthopedic surgeon. That physician diagnosed a nonunion of the fractured fibula and a nonunion of the fractured lateral malleolus which caused Moser's discomfort. On August 7, 1991, Moser underwent a second surgical procedure at Reading Hospital and Medical Center to repair the fractured bones which had not mended.

Subsequently, on September 3, 1992, the Mosers brought an action in the trial court alleging negligence on the part of Dr. Heistand, Ashland and DPW in the treatment of her leg injury. The Mosers' claim averred that as a result of the negligent repair of her leg, she was unable to work or conduct her normal activities for approximately two years. In their complaint, the Mosers offer three theories for recovery against Ashland and DPW: (1) ostensible agency liability, (2) vicarious liability, and (3) corporate liability as applied to

hospitals in *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991).

Ashland and DPW filed preliminary objections in the nature of a demurrer on December 18, 1992, alleging that the Mosers failed to state a cause of action which fell under any of the statutory exceptions to sovereign immunity applicable to claims against a Commonwealth party. The trial court sustained the preliminary objections and dismissed the complaint. The Mosers appeal from this order.

Initially, we note that our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore,* 157 Pa.Commonwealth Ct. 243, 246 n. 3, 629 A.2d 270, 271 n. 3 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

On appeal, we will consider (1) whether the trial court erred in determining that the corporate theory of liability is inapplicable to this case; (2) whether the trial court erred in determining that the ostensible agency theory of liability is inapplicable to this case; and, (3) whether the trial court erred in concluding that the Mosers failed to state a cause of action under the medical exception to sovereign immunity, 42 Pa.C.S. § 8522(b)(2).

A plaintiff seeking to overcome the defense of sovereign immunity under 42 Pa.C.S. § 8522 must meet two distinct requirements. First, the plaintiff must show that he possesses a common law or statutory cause of action against a Commonwealth party, section 8522(a). Second, the plaintiff must demonstrate that the cause of action falls within one of the nine exceptions to sovereign immunity set forth in section 8522(b). *Norbert v. State Police,* 148 Pa.Commonwealth Ct. 505, 611 A.2d 1353 (1992).

The Mosers allege that under either the corporate theory of liability or the ostensible agency theory of liability, Ashland and DPW owed a duty of care to Moser, which duty was breached, exposing these Commonwealth parties to tort liability. We will first examine the Mosers' principle argument which concerns the imposition of a duty of care based on the applicability of the corporate theory of liability.

## (1) Corporate Liability

■ The Mosers argue that their complaint sets forth sufficient facts to state a valid cause of action in negligence directly against Ashland and DPW based upon a corporate theory of liability, as defined and applied to hospitals by our Supreme Court in *Thompson.* The court in *Thompson* stated as follows:

> Courts have recognized several bases on which hospitals may be subject to liability including respondeat superior, ostensible agency and corporate negligence....
>
> Corporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital. This theory of liability creates a nondelegable duty which the hospital owes directly to a patient....
>
> The hospital's duties have been classified into four general areas: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; ... (2) a duty to select and retain only competent physicians; ... (3) a duty to oversee all persons who practice medicine within its walls as to patient care; ... and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.

*Id.,* 527 Pa. at 338–40, 591 A.2d at 707 [1] (citations omitted).

The *Thompson* court noted that a critical step toward recognition of this theory of hospital liability was taken by the

1. In their complaint, the Mosers specifically allege that Ashland and DPW breached their duty to uphold the standard of quality care owed

Supreme Court in *Riddle Memorial Hospital v. Dohan,* 504 Pa. 571, 475 A.2d 1314 (1984). In *Riddle,* the Supreme Court held that the appropriate duty of care a hospital owes a person seeking emergency room treatment is set forth in the Restatement of Torts 2d § 323 (1965).[2] The *Thompson* court continued:

> Today, we take a step beyond the hospital's duty of care delineated in *Riddle* in full recognition of the corporate hospitals' role in the total health care of its patients. In so doing, we adopt as a theory of hospital liability the doctrine of corporate negligence or corporate liability under which the hospital is liable if it fails to uphold the proper standard of care owed its patient.... It is important to note that for a hospital to be charged with negligence, it is necessary to show that the hospital had actual or constructive knowledge of the defect or procedures which created the harm ... [and] the hospital's negligence must have been a substantial factor in bringing about the harm to the injured party.

*Id.,* 527 Pa. at 341, 591 A.2d at 708 (citations omitted).

In the present case, the trial court further expanded upon the doctrine by concluding that while the above duties may be imposed on private hospitals, the corporate theory of liability cannot be extended to Commonwealth parties. The trial court reasoned that despite the Supreme Court's extension of the emergency care doctrine of § 323 of the Restatement of Torts 2d to the entire health care environment in *Thompson,* the

to Ms. Moser to ensure her safety and well-being by (1) negligently failing to provide adequate supervision and control of its physician staff, agents and ostensible employees; (2) negligently failing to have proper quality control procedures in place to conduct review of medical and surgical cases; (3) negligently failing to regularly supervise, review and maintain the standard of medical and surgical treatments.

2. Section 323 of the Restatement of Torts 2d provides:

**One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if**

    **(a) his failure to exercise such care increased the risk of harm, or**

    **(b) the harm is suffered because of the other's reliance upon the undertaking.**

Supreme Court in *Gardner v. Consolidated Rail Corporation,* 524 Pa. 445, 573 A.2d 1016 (1990), stated that section 323 does not apply to government.[3] Therefore, the trial court advanced, section 323 cannot be used to create a duty for the Commonwealth when heretofore, none existed. The trial court concluded that, in light of *Gardner, Thompson* cannot be read to impose liability upon Ashland or any other Commonwealth agency hospital.

We are inclined to agree with the trial court's analysis, yet we also recognize that this court recently, and more directly, addressed the issue of whether the theory of corporate liability of hospitals set forth in *Thompson* applies to a state hospital under similar circumstances. In *Walls v. Hazleton State General Hospital,* 157 Pa.Commonwealth Ct. 170, 629 A.2d 232 (1993), a patient and his spouse brought a negligence suit against a state hospital and the attending orthopedic surgeon for failing to satisfactorily mend the patient's fractured femur bone.[4] Following a jury trial, the trial court entered judgment in favor of the patient and his spouse.

On appeal, this court reversed the trial court, holding that the theory of corporate liability of hospitals could not be applied to a state hospital absent expert testimony establishing a causal connection between the state hospital's conduct and the patient's harm.[5]

While the Mosers appear to have offered sufficient allegations that Ashland and/or DPW failed to satisfy one or another

---

**3.** The *Gardner* court specifically noted that "Section 323 does not apply to government, for government does not act either gratuitously or for consideration, as is required by Section 323, but pursuant to its required or discretionary duties in the process of governing." *Gardner* at 453–54, 573 A.2d at 1020.

**4.** Prior to the jury trial in *Walls,* the hospital and Mrs. Walls, by agreement, permitted a discontinuance of Mr. Walls' direct negligence claim against the physician.

**5.** In *Walls,* we did not address the applicability of § 323 of the Restatement of Torts 2d to state hospitals because our analysis of the case under the theory of liability set forth in *Thompson* was dispositive. Here, because we again resolve the corporate theory of liability argument by applying *Thompson,* we need not address the trial court's determination that section 323 does not apply to state hospitals.

of the four duties set forth in *Thompson,* an examination of the Mosers' complaint reveals no averment which, if accepted as true, would establish that any particular conduct on the part of Ashland and/or DPW was a substantial factor in causing Ms. Moser's harm. *Hawks.*

Accordingly, we conclude that the Mosers have failed to sustain their burden of proving that they own a cause of action against Ashland and/or DPW under the corporate theory of liability.

### (2) Ostensible Agency Liability

■ The next issue is whether the ostensible agency theory of liability, first applied in *Capan v. Divine Providence Hospital,* 287 Pa. Superior Ct. 364, 430 A.2d 647 (1980), applies to Ashland and DPW in the present matter.

As this court stated in *Walls,* "[t]he *Capan* Court acknowledged the general proposition that an employer is usually not liable for the torts committed by its independent contractors." We further summarized the theory outlined in *Capan* by stating, "that a physician holding independent contractor status may nonetheless be considered an agent of the hospital with respect to patients in certain situations." *Id.,* 157 Pa. Cmwlth. at 179–80, 629 A.2d at 237.

We elaborated on the ostensible agency situations contemplated by the Superior Court in *Capan:*

> There are two justifications for finding an ostensible agency relationship. The first rationale is that "[t]he changing role of the hospital in society creates a likelihood that patients will look to the institution rather than the individual physician for care." *Id.* at 368, 430 A.2d at 649. The second justification for finding such a relationship is when "the hospital 'holds out' the physician as its employee." *Id.* (footnote omitted). "Holding out" has been defined as "the hospital act[ing] or omit[ting] to act in some way which leads the patient to a reasonable belief he is being treated by the hospital or one of its employees." *Id.* at 370, 430 A.2d at 649 (quoting *Adamski v. Tacoma General Hospital,* 20

Wash.App. 98, 115, 579 P.2d 970, 979 (1978) (emphasis deleted).

*Walls*, 157 Pa.Commonwealth Ct. at 180, 629 A.2d at 237.

Ashland and DPW argue that, while this theory of liability may be applicable to impose a duty on private hospitals, it is not applicable to Commonwealth-owned hospitals who enjoy the protection of sovereign immunity.

■ The trial court appropriately determined that only the medical exception to sovereign immunity is relevant in this matter. This exception provides:

> **(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

> \* \* \* \* \* \*

> **(2) Medical–Professional liability.**—Acts of health care *employees* of Commonwealth agency medical facilities or institutions or by a *Commonwealth party* who is a doctor, dentist, nurse or related health care personnel.

42 Pa.C.S.A. § 8522(b)(2) (emphasis added).

The trial court concluded that Dr. Heistand is an independent contractor, not an employee of the Commonwealth or a Commonwealth agency medical facility. As an independent contractor, the trial court reasoned, sovereign immunity is not waived.[6]

The medical-professional waiver is expressly limited to acts of health care employees. *Alexander v. Department of Public Welfare*, 137 Pa.Commonwealth Ct. 342, 348, 586 A.2d 475, 478 (1991). The resolution of this question is dependent upon a

---

6. The trial court cited pages 15–16 of the report of The Joint State Government Commission which rejected waiver of sovereign immunity for claims arising out of the negligence of private independent contractors. The trial court noted that our Supreme Court recognized this report as valid legislative history in *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981).

determination of whether Dr. Heistand is an independent contractor.

However, at no point in their complaint did the Mosers allege that Dr. Heistand was an independent contractor. Moreover, the complaint fails to allege that Dr. Heistand was either an employee of a Commonwealth agency, or a Commonwealth party unto himself. In fact, there is no reference at all to Dr. Heistand's employment relationship with Ashland or DPW. Absent this specific allegation, which we may have treated as fact for the purposes of this review, we conclude that the Mosers have failed to meet their burden of establishing that a cause of action exists under the ostensible agency theory of liability. *Hawks.*

By failing to set forth a common law or statutory cause of action which falls within the medical-professional exception to sovereign immunity, under either the corporate theory of liability or the ostensible agency theory of liability, the Mosers have failed to meet the requirements of 42 Pa.C.S. § 8522 necessary to overcome the defense of sovereign immunity.

Accordingly, for the foregoing reasons, the order of the trial court sustaining Ashland's and DPW's preliminary objections in the nature of a demurrer is affirmed.

## ORDER

NOW, this 14th day of October, 1994, the order of the Court of Common Pleas of Schuylkill County, dated March 9, 1993, at No. S–1919–1992, is hereby affirmed.

SILVESTRI, Senior Judge, concurs in the result only.