**Daniel THOMAS, Appellant,**

**v.**

**TOWNSHIP OF CHERRY, BUTLER COUNTY, Pennsylvania; the Cherry Township Board of Supervisors; Wayne Carson, Township Supervisor; James C. Coulter, Township Supervisor; Henry Marino, Township Supervisor.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided Jan. 12, 1999.

---

Robert J. Stock, Butler, for appellant.

Leo M. Stepanian, II, Butler, for appellee.

Before SMITH, J., FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Daniel Thomas (Thomas) appeals from an order of the Court of Common Pleas of Butler County that sustained a preliminary objection filed by the Board of Supervisors (Board) of Cherry Township (Township) and dismissed Thomas' complaint as untimely. We reverse.

The Board hired Thomas as a roadmaster for the Township on June 17, 1996. On December 27, 1996, Thomas received a letter signed by two of the members of the Board notifying him that he was dismissed from his job for insubordination. The letter did not purport to represent action taken by the Board at any regular or special meeting of the Board. On April 18, 1997, Thomas filed a complaint in mandamus. He alleged that two members of the Board met without public notice or notice to the third member, that their actions dismissing him did not occur at any Township meeting, and that as a result, his dismissal violated The Second Class

Township Code [1] and the Sunshine Act.[2] He sought reinstatement with full salary and benefits until the time the Board properly removes him from his position.

The Board filed preliminary objections contending that Thomas' mandamus action could not be brought against the Board members in their individual capacities,[3] that even if its action at a closed meeting with only two of the three Board members present was violative of the Sunshine Act, the decision to fire Thomas was ratified at a public meeting held on January 6, 1997, and that Thomas' claim was untimely filed under Section 283 of the Sunshine Act, 65 P.S. §283.[4]

After argument, the trial court reviewed the parties' briefs and the allegations in the complaint, which indicated that two members of the Board met on December 26, 1996 and decided to dismiss Thomas as the roadmaster. The trial court determined that this was not an open meeting as the term is used in the Sunshine Act because it was not a meeting open to the public. The trial court further held that because no advance notice was given, the gathering of these two Board members was not an executive session pursuant to Sections 277 and 278(b) of the Sunshine Act, 65 P.S. §§277 and 278(b). However, the trial court concluded that the action of the two members of the Board was a "meeting" as defined in Section 273 of the Sunshine Act, 65 P.S. §273.[5] The trial court found that the two Board members arranged to meet to deliberate Township business, that the two members constituted a quorum, decided to dismiss Thomas, and notified him of their action in writing. However, because these actions must take place at an open meeting, the trial court concluded that the Board had violated the Sunshine Act.

The trial court also held that the Board's actions were not ratified at the next public meeting, based on the record of that meeting. Nevertheless, the trial court held that Thomas did not file his complaint in a timely manner, i.e., not within thirty days of knowing that the action taken was a violation of Section 283 of the Sunshine Act. Therefore, the trial court sustained the Board's objection in this regard and dismissed Thomas' complaint. The trial court made no mention of any violation of the Second Class Township Code; nor did it discuss the Code's impact on the allegations here.

Thomas now appeals to this Court and raises the following issues for our review: 1) whether the time limits of the Sunshine Act prevail when the Second Class Township Code adopts no time limits in which to attack invalid action taken outside a public meeting, and 2) if the provisions of the Sunshine Act are applicable to the Second Class Township Code, are those provisions applicable to actions by two Township supervisors without notice to the third.

▬▬▬ Initially, we note that when this Court reviews a trial court's order sustaining a preliminary objection in the nature of a demurrer, we are limited to determining whether the trial court abused its discretion or committed an error of law. *Bologna v. St. Marys Area School Board,* 699 A.2d 831 (Pa.Cmwlth.1997). In a challenge to the sus-

1. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101 – 67201.

2. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§271 – 286. A new consolidated version of the Sunshine Act took effect on December 14, 1998, and can be found at 65 P.S. §§271–286. All citations in this opinion will refer to the new codified sections, even though the original enactment was in effect at all times relevant to this appeal.

3. The trial court overruled this preliminary objection because Thomas amended his caption to reflect that he was suing the Board members in their official capacity. This preliminary objection is not at issue here.

4. Section 283 of the Sunshine Act states:

A legal challenge under this Act shall be filed within 30 days from the date of the meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which the Act was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.

5. Section 273 of the Sunshine Act states that "[a]ny prearranged gather of an agency which is attended or participated in by a quorum of the members of an agency held for the purpose of deliberating agency business or taking official action."

taining of preliminary objections in the nature of a demurer we are to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Moser v. Heistand,* 168 Pa.Cmwlth. 109, 649 A.2d 177 (Pa.Cmwlth.1994), *aff'd,* 545 Pa. 554, 681 A.2d 1322 (1996). We must accept as true all well pled allegations and material facts averred in the complaint and inferences reasonably deducible therefrom. *Id.* Any doubt should be resolved in favor of overruling the preliminary objections. *Id.*

Thomas first argues that a violation of Section 603 of the Second Class Township Code, 53 P.S. §65603,[6] occurred because that section requires an affirmative vote of the majority of the Board at a public meeting to transact business. The thrust of this argument is that the trial court erred in finding that a "meeting" took place under the Sunshine Act without taking into consideration the provisions of the Second Class Township Code. In other words, no proper action was taken and because the Second Class Township Code provides no limitation within which a complaint like Thomas' must be filed, his complaint was timely.

The Board responds that both the Sunshine Act and the Second Class Township Code apply, that even if the Board violated the Sunshine Act by not holding a proper meeting open to the public to take official action on agency business, Thomas' complaint was untimely because he had notice at the end of December, 1996 and did not file his complaint until April of 1997.

Clearly, the Second Class Township Code is applicable here and because the Board is an agency that is covered by the Sunshine Act,[7] that statute also applies. We accept the trial court's conclusion that a "meeting" took place as contemplated by the Sunshine Act when the two members got together albeit without notice to the third. We also accept the trial court's conclusion that the action taken required the meeting to be open and that, therefore, a violation occurred. We further recognize that Thomas filed his complaint on April 18, 1997, challenging the December 27, 1996 "meeting" and that pursuant to Section 283 of the Sunshine Act, the complaint was untimely.

However, the conclusion that the complaint was untimely is not dispositive of the issue whether the Board took proper action to dismiss Thomas as required under Section 603 of the Second Class Township Code. We rely on the reasoning in *Bologna,* a case in which a *pro se* appellant appealed a trial court's decision sustaining preliminary objections filed by a school board. The complaint alleged that the school board had violated Section 1073(b) of the Public School Code of 1949 [8] and the Sunshine Act. Although the *Bologna* court found the appellant's complaint untimely pursuant to the Sunshine Act, it addressed the alleged violations of the School Code because that issue was raised in addition to the timeliness question. Despite concluding that the School Code had not been violated, the court fully reviewed the circumstances surrounding the alleged improper meeting procedure complained of in the appellant's complaint. We believe that this is the correct procedure that we must follow here.

First, to reiterate, Thomas averred in his complaint that without calling any meeting and without any public notice or notice to the third member of the Board, the two members took action resulting in his dismissal. This failure of notice, particularly, the failure

---

6. Section 603 of the Second Class Township Code states:

   The board of supervisors shall meet for the transaction of business at least once each month at a time and place determined by the board of supervisors. A quorum is two members of a three-member board of supervisors or three members of a five-member board of supervisors. *An affirmative vote of a majority of the entire board of supervisors at a public meeting is necessary in order to transact any business.* (Emphasis added.)

7. "Agency" is defined in Section 273 of the Sunshine Act, 65·P.S. §273, as:

   The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of all the following: ... any board, council, authority or commission of the Commonwealth or of any political subdivision of the Commonwealth or any State, municipal, township or school authority. ...

8. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §10–1073(b).

of notice to the third member of the Board of the intention of the other two members to gather to discuss and implement Thomas' dismissal, is the basis for Thomas' argument that no meeting under the Second Class Township Code took place at all, that his receipt of the dismissal letter was void and he should remain in his position until properly terminated. We agree.

We rely on the general principle aptly stated in *Edsall v. Jersey Shore Borough,* 220 Pa. 591, 597, 70 A. 429, 431 (1908) (quoting 2 Abbot on Municipal Corporations (1906) §655):

> Official authority or power must be exercised not only in the manner prescribed by law and in the name of the public, but also when exercised by an official board or body, by that board or body acting as such at a meeting duly called and authorized by law and at which under the law or regular rules of procedure, particular action can be taken.

■ We conclude that the Board members' actions did not comport with Section 603 because the decision made by the two members was not transacted at a public meeting with the requisite public notice. They also violated Section 603 particularly so because no notice was provided to the third member of the Board. *Cf. Schilling v. Ohio Township,* 260 Pa. 113, 103 A. 608 (1918) (action by supervisors was valid despite attendance by only two member where *third had received notice of the meeting* and of its purpose). Also in *Martin v. Borough of Wilkinsburg,* 128 Pa.Cmwlth. 417, 563 A.2d 958 (Pa.Cmwlth.1989), the acceptance of the borough manager's letter of resignation was found to be invalid and of no effect due to the failure by the borough council to give proper notice pursuant to the precursor of the Sunshine Act for the special meeting purported to be called for that purpose. The *Martin* court also discussed the failure by the borough council to ratify its actions at the invalid special meeting, indicating that without ratification the invalid act remained so.

In response to Thomas' argument concerning the violation of the Second Class Township Code, the Board does not contend that he is in error. Rather, the Board argues that even if this Court concludes that it improperly dismissed Thomas under the Code, Thomas' remedy of reinstatement and back pay cannot be granted. The Board cites Section 3501 of the Second Class Township Code, 53 P.S. §68501, which provides that any township official who violates a provision of the Second Class Township Code commits a summary offense and that any fine collected for the violation of that statute is to be credited to the general fund. Then relying on *Cunfer v. Carbon Airport Authority,* 414 Pa. 408, 200 A.2d 768 (1964), the Board contends where the legislature provides a remedy, that remedy is exclusive and must alone be pursued. The Board's reliance on *Cunfer* is misplaced. The *Cunfer* opinion distinguishes between actions brought in equity as opposed to an action brought in an eminent domain proceeding. Moreover, the remedy discussed in *Cunfer* refers to the type of action brought, not the penalty imposed. We consider Section 3501 of the Second Class Township Code to outline a penalty that can be imposed on any supervisor who violates it. Nowhere in the Second Class Township Code does it state that this is an exclusive remedy. Furthermore, the possibility of a fine is a penalty and is not a remedy that would make Thomas whole.

The trial court here recognized the illegality of the actions taken by the two Board members. It only found that the two members constituted a quorum, met and took the action to dismiss Thomas. It did not find that a public meeting was held, that the action was ratified at a public meeting, or that proper advanced notice was given the third member of the Board. What actually took place has all the earmarks of a secret meeting, the result of which was foisted upon the public. *Cf. Bradford Area Education Association v. Bradford Area School District,* 132 Pa.Cmwlth. 385, 572 A.2d 1314 (Pa.Cmwlth.1990) (court found the plethora of open meetings cured the invalid meeting and protected the public's right to observe governmental procedures and to participate in the process). Here, the Board did nothing to cure the invalid actions taken by two of its members.

Consequently, we recognize the violation of the Second Class Township Code and the Board's failure to ratify its actions. We conclude that without the proper notice to the third member of the Board, the two members' action is void under the Second Class Township Code.

For the reasons stated above, we conclude that the trial court erred in sustaining the Board's preliminary objection. The trial court's order is reversed and we remand for further proceedings in accordance with this opinion.

### ORDER

NOW, January 12, 1999, the order of the Court of Common Pleas of Butler County, is reversed and the case is remanded for further proceedings in accordance with this opinion.

Jurisdiction is relinquished.

Judge SMITH dissents.