# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Ella Redmond,         :
           Appellant       :
                          :
           v.              : No. 306 C.D. 2018
                          : Submitted: June 29, 2018
Bureau of Administrative    :
Adjudication               :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: September 11, 2018

       Stacey Redmond, *pro se*, appeals an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing her appeal and affirming a decision of the Bureau of Administrative Adjudication (Bureau) of the City of Philadelphia that denied her request for a hearing to challenge seven parking violations and the booting of her vehicle. Upon review, we conclude that Redmond failed to exhaust her administrative remedies before filing an appeal with the trial court; thus, both the trial court and this Court lack jurisdiction over her appeal.

       Between April of 2009 and May of 2016, the Philadelphia Parking Authority (Parking Authority) issued seven parking violations to two vehicles owned by Redmond.[1] Redmond neither disputed nor made payment on any of the violations.

---

[1] The Parking Authority issued two violations for the vehicle with license plate number PAJCX1351 (current vehicle) and five violations for the vehicle with license plate number PAGHR9461 (prior vehicle).

On June 27, 2017, due to Redmond's outstanding violations, the Parking Authority immobilized Redmond's current vehicle by placing a boot on it. That same day, Redmond paid all of the fines and penalties related to the outstanding violations so that she could have the boot removed from her vehicle.

On June 28, 2017, Redmond requested a hearing, presumably to contest the Parking Authority's actions in placing a boot on her vehicle and requiring her to pay the fines and penalties for the seven parking violations. On June 30, 2017, the Bureau notified Redmond that her request for a hearing was denied because the statutory appeal period for the violations had expired. Thereafter, Redmond filed a notice of appeal to the trial court.

On March 2, 2018, the trial court heard argument on Redmond's appeal. Following argument, the trial court concluded that it did not have jurisdiction to hear her appeal because she did not exhaust her administrative remedies. The trial court explained:

> After receiving notice that a Parking Hearing Examiner would not hold a hearing regarding Redmond's [violations] and/or the booting of Redmond's vehicle, [she] had the option to file a motion to reopen the matters regarding her [violations] with a Parking Hearing Examiner. If the Parking Hearing Examiner denied her motion to reopen the matter, then Redmond had the option to serve a Notice of Appeal with the Parking Appeals Panel. If the Parking Appeals Panel affirmed the Parking Hearing Examiner's determination, *then, and only then*, would the [trial court] have jurisdiction to hear Redmond's appeal.

Trial Court Opinion at 5 (emphasis added). The trial court affirmed the Bureau's decision and dismissed Redmond's appeal. This appeal followed.[2]

---

[2] Where the trial court does not take any additional evidence, this Court's scope of review "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether

On appeal, Redmond raises several issues, which we consolidate and reorder to facilitate our review. First, Redmond asserts that the trial court erred in dismissing her appeal on the basis that she failed to exhaust her administrative remedies. Second, Redmond argues that she was denied due process because she was deprived of the use of her vehicle without a hearing. Third, Redmond contends that the Parking Authority did not have authority to place a boot on her vehicle.

Turning to Redmond's first argument, she contends that the trial court erred in dismissing her appeal for lack of jurisdiction. Redmond contends that she did exhaust her remedies by filing an appeal with the Bureau. After receiving the Bureau's decision, Redmond believed that the next step was to appeal to the trial court. She did not know that she had to appeal the Bureau's decision to the Parking Appeals Panel because she was unaware that entity existed. The Bureau responds that Redmond did not exhaust her administrative remedies because she did not contest liability on any of the parking violations at issue.

It is well-settled that "[a] party challenging administrative decision-making that has not exhausted its administrative remedies is precluded from obtaining judicial review." *Matesic v. Maleski*, 624 A.2d 776, 778 (Pa. Cmwlth. 1993) (citation omitted). This Court has stated that

> [t]he doctrine of exhaustion prohibits prospective parties to administrative agency actions from bypassing that process and challenging the administrative action directly in the courts. The reasons for requiring exhaustion are that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its

necessary findings of fact are supported by substantial evidence." *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010) (citing 2 Pa. C.S. §754(b)).

3

discretion. The doctrine also allows agencies the opportunity to correct their own mistakes.

*Gardner v. Department of Environmental Resources*, 658 A.2d 440, 445 (Pa. Cmwlth. 1995) (citations omitted).

The City of Philadelphia has a two-step administrative appeal process for contesting parking violations. *See* PHILADELPHIA, PA, TRAFFIC CODE (PHILA. CODE) §§12-2807 - 12-2808 (2016).[3] First, parking violation appeals are "conducted by a Parking Hearing Examiner." *See* PHILA. CODE §12-2807(1) ("Each adjudication of a parking violation … shall be conducted by a Parking Hearing Examiner."). An appeal from a determination of a Parking Hearing Examiner "shall

---

[3] Section 12-2807(3) and (4) states:

(3) If a person (i) fails to answer … or (iii) fails to timely contest the parking violation by mail or by electronic submission … the Parking Hearing Examiner shall enter an order by default sustaining the charges, fix the appropriate fine and assess appropriate costs and additional fees, if any.

(4) An order by default may be vacated by the Parking Hearing Examiner within one (1) year after its entry only upon written application setting forth (i) a sufficient defense to the charge, and (ii) excusable neglect as to the respondent's failure to timely submit testimony and evidence or attend the hearing. If a notice of violation was mailed to the registered owner at the address appearing on the registry of a state department of motor vehicles, the failure to receive such notice shall not be considered a defense unless the owner can prove that a state department of motor vehicles was advised of the owner's change of address prior to the date of the parking violation.

PHILA. CODE §12-2807(3) and (4). Section 12-2808(2) and (3) states in relevant part:

(2) An appeal from a determination of any Parking Hearing Examiner after adjudication of a plea denying liability, or from a determination denying a motion to reopen any matter, shall be submitted to a Parking Appeals Panel….

(3) A party aggrieved by the final determination of a Parking Hearing Examiner may obtain a review thereof by serving upon the Parking Authority, within thirty (30) days of the entry of such final determination, a notice of appeal on a form provided by the Parking Authority, setting forth the reasons why the final determination should be reversed or modified….

PHILA. CODE §12-2808(2) and (3).

4

be submitted to [the] Parking Appeals Panel." PHILA. CODE §12-2808(2). Only after the Parking Appeals Panel issues its decision can an aggrieved individual file an appeal with the trial court. *See O'Neill v. City of Philadelphia*, 711 A.2d 544, 545 (Pa. Cmwlth. 1998) (where a defendant denies liability, "a hearing is held before a [Bureau] hearing examiner, whose decision may be appealed to the [Bureau's] Parking Appeals Panel, and thereafter to the Court of Common Pleas").

Here, Redmond had an administrative remedy by which to challenge her parking violations, *i.e.*, an appeal to a Parking Hearing Examiner. Redmond never appealed any of the violations.[4] In short, Redmond failed to avail herself of the administrative remedy set forth in the Philadelphia Code.

Furthermore, when the Bureau's Parking Hearing Examiner denied Redmond's request for a hearing, she did not appeal that decision to the Parking Appeals Panel, as required by the Philadelphia Code. Instead, Redmond appealed directly to the trial court. Redmond's failure to exhaust her administrative remedies precluded the trial court from assuming jurisdiction over her appeal. *See Mundy v. Bureau of Administrative Adjudication* (Pa. Cmwlth., No. 1984 C.D. 2012, filed April 5, 2013)[5] (holding that the petitioner's choice to appeal the Parking Hearing Examiner's determination directly to the trial court and failure to seek review before the Parking Appeals Panel as required by Section 12–2808(2) of the Philadelphia Code precluded the trial court from assuming jurisdiction over his appeal). Finally,

---

[4] Subsequently, Redmond waived her right to contest the violations when she paid the fines and penalties on June 27, 2017, to obtain release of her current vehicle. *See* PHILA. CODE §12-2406(2) (an owner of an immobilized vehicle may pay "in full … all delinquent parking tickets issued to any and all vehicles registered in the name of the owner of the vehicle that is to be recovered" and "[s]uch payment shall constitute a waiver of the right to contest the parking tickets.").

[5] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

Redmond's ignorance of the existence of the Parking Appeals Panel does not excuse her duty to exhaust administrative remedies.[6]

In sum, Redmond failed to exhaust the available administrative remedies provided under the Philadelphia Code; consequently, the trial court and this Court do not have jurisdiction over her appeal.[7]  Accordingly, we affirm the trial court's dismissal of Redmond's appeal.[8]

_____
MARY HANNAH LEAVITT, President Judge

---

[6] It has long been held as

> an unquestionable principle … that ignorance of law will not furnish an excuse for any person, either for a breach or omission of duty.  *Ignorantia legis neminem excusat* is a maxim which is as much respected in equity as in law.  This doctrine is among the settled elements of the law; for every man, at his peril, is bound to take notice of what the law is, as well the law made by statute as the common law….  The presumption is, that every man is acquainted with his own rights, provided he has a reasonable opportunity to know them.

*Rankin v. Mortimere*, 7 Watts 372, 374 (Pa. 1838).

[7] Because Redmond was obligated to exhaust her administrative remedies before seeking judicial relief, this Court cannot address Redmond's remaining arguments, namely that her due process rights were violated and that her vehicle was not boot eligible.

[8] The trial court, in addition to dismissing Redmond's appeal, affirmed the Bureau's decision. However, once the trial court determined that Redmond did not exhaust her administrative remedies and that it did not have jurisdiction to hear her appeal, it could only dismiss the appeal. The trial court could not consider the merits of Redmond's appeal or the propriety of the Bureau's decision.  Nevertheless, this Court may still affirm the trial court since grounds for affirmance exist.  *See generally Belitskus v. Hamlin Township*, 764 A.2d 669, 671 n.4 (Pa. Cmwlth. 2000) ("This Court may affirm on other grounds where grounds for affirmance exist.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Ella Redmond,         :
        Appellant     :
                   :
        v.           :  No. 306 C.D. 2018
                   :
Bureau of Administrative     :
Adjudication             :

## **O R D E R**

AND NOW, this 11th day of September, 2018, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter dated March 2, 2018, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge