585 A.2d 1146

**COMMONWEALTH of Pennsylvania by Ernest D. PREATE, Jr., Attorney General, Plaintiff,**

**v.**

**EVENTS INTERNATIONAL, INC.; Community Benefit Services, Inc., a/k/a CBS Telemarketing; and James Nordmark, Individually; Jerry L. Peterson, Individually, Defendants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1990.

Decided Jan. 17, 1991.

Mark A. Pacella, Deputy Atty. Gen., with him, Mary Beth O'Hara Osborne, Deputy Atty. Gen., Mollie A. McCurdy, Chief Deputy Atty. Gen., Charitable Trusts and Organiza-

tions Section, and Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for plaintiff.

Theodore A. Adler, Reager, Selkowitz & Adler, P.C., Harrisburg (Copilevitz, Bryant, Gray & Jennings, P.C., Kansas City, Mo., of counsel) for defendants.

Before PALLADINO and McGINLEY, JJ., and CRUMLISH, Jr., Senior Judge.

PALLADINO, Judge.

Presently before this court are the preliminary objections of Events International, Inc. (Events); Community Benefit Services, Inc., a/k/a CBS Telemarketing (CBS); James Nordmark (Nordmark), individually; and Jerry L. Peterson (Peterson), individually (collectively, Defendants) to the amended complaint [1] filed in this court's original jurisdiction by Attorney General Ernest Preate, Jr. (Attorney General) on behalf of the Commonwealth of Pennsylvania. Also before this court is the preliminary objection of the Attorney General to one of the Defendants' preliminary objections. All of the preliminary objections are overruled.

The present action arises from a complaint in equity, stating five counts which we summarize as follows:

1. That Defendants solicited charitable contributions under the names "Children's Campaign" and "Kids Against Drugs Program" without registering with the Department of State, Bureau of Charitable Organizations in violation of 10 P.S. § 161.6(a).

2. That Defendants solicited contributions by false pretense and representation in violation of 10 P.S. §§ 161.-14(b) and 161.15(f).

3. That Defendants engaged in unfair or deceptive acts or practices in violation of the Consumer Protection Law, 73 P.S. § 201–3.

1. The Attorney General's original complaint was preliminarily objected to by the Defendants. Before this court ruled on those preliminary objections, the Attorney General filed an amended complaint.

4. That Defendants failed to procure a certificate of authority as a foreign corporation doing business in Pennsylvania in violation of the Section 3 of the Foreign Business Corporation Law, 15 Pa.C.S. § 4121.

5. That Defendants made misrepresentations to secure contracts with charitable organizations in Pennsylvania and to solicit contributions to the organizations, which activities are illegal as a matter of public policy.

In support of these claims, the complaint contains the following allegations relevant to our present examination.

Nordmark and Peterson are principal officers and shareholders of Events and CBS, (collectively, Corporations), which are foreign corporations, incorporated under the laws of the State of Florida. The Defendants engaged in two types of fund raising activities in Pennsylvania: sponsored campaigns and unsponsored campaigns.

## SPONSORED CAMPAIGNS

The Attorney General alleges that Events contracted with nine charitable organizations in Pennsylvania (Sponsor Charities) to provide fund-raising performances (ie: circus, music show or ice show) and related services (ie: ticket sales, promotion, ticket printing and program printing). The Attorney General alleges that Events induces the Sponsor Charities to enter these contracts by misrepresenting: the proportion of the contributions Events would retain; the amount of money the Sponsor Charities would receive; the financial risk Events would assume on behalf of the Sponsor Charities; the extent the Sponsor Charities would control contribution accounts and expenses; and the extent Events would provide documentation of contribution accounts and expenses.

The Attorney General also alleges that Events induced people to purchase tickets to performances by having its employees falsely identify themselves as members of the Sponsor Charities and falsely state that the Sponsor Charities would receive a substantial portion of any contribution.

The total amount of contributions from the sponsored campaigns was $193,344.50, of which the Sponsor Charities received $7,118.35. A significant portion of the balance was paid to Defendants and companies they own.

## UNSPONSORED CAMPAIGNS

The Attorney General alleges that Defendants' employees telephoned people in Pennsylvania from its Florida office to solicit contributions for four additional performances in Pennsylvania. To induce people to contribute, it is alleged that Defendants' employees falsely stated that they were members of a charitable organization located in the prospective contributor's community and that the contributions were tax deductible as charitable donations.[2] The Attorney General alleges that there was no charitable organization but that the only organizations involved in the performances were the Defendant Corporations and corporations owned by the Defendants,[3] all of which operated for profit. It is further alleged that Defendants collected at least $50,000 in contributions in the unsponsored campaigns which they kept for non-charitable purposes.

After each count the Attorney General requests this court to find Defendants in violation of the law cited in the respective count. Thereafter, the Attorney General prays for this court to permanently enjoin Defendants from conducting future fund-raising in violation of the laws cited.[4]

The Defendants filed preliminary objections in the nature of a demurrer to each count generally and specifically stating that the Attorney General has not stated a claim

2. The complaint alleges that one performance, a circus to be held in Willow Grove, was never performed. It is alleged that Defendants continued to solicit contributions for this performance after they had learned that the circus would not be performed.

3. In this allegation, the Attorney General apparently refers to corporations which are not named defendants.

4. Simultaneous with the filing of the complaint, the Attorney General filed a motion for a preliminary injunction, which this court denied in an order dated June 18, 1990. An appeal from this order is currently pending before the supreme court.

against the individual Defendants Nordmark and Peterson. The Attorney General preliminarily objected to this latter objection, contending that the issue is waived because Defendants failed to raise the issue in its preliminary objections to the Attorney General's original complaint. We will address the Attorney General's objection first.

The Attorney General contends that the demurrer as to the individual Defendants could have been raised in preliminary objections to the original complaint. Because all preliminary objections must be raised at one time and Defendants failed to raise this objection to the original complaint, the Attorney General asserts that the objection is waived.

■ While the Attorney General correctly states the rule that "[a]ll preliminary objections shall be raised at one time," Pa.R.C.P. No. 1028(b), this rule is intended to prevent a series of preliminary dilatory steps. *Lexington Insurance Co. v. Commonwealth,* 116 Pa.Commonwealth Ct. 259, 541 A.2d 834 (1988) (citing Goodrich–Ammram 2d § 1017(b)(4)). While this rule clearly permits only one set of preliminary objections to any single complaint, it does not address the situation where a party has voluntarily elected to file an amended complaint. Rule 1028(b) permits an additional dilatory step of preliminary objections to the amended complaint. No additional dilatory step is added by permitting an objector to raise all possible preliminary objections to the amended complaint, even preliminary objections which could have been raised to the original complaint.[5] Consequently, Defendants have not waived their

5. This court addressed a similar issue in *General State Authority v. Lawrie and Green,* 29 Pa.Commonwealth Ct. 567, 372 A.2d 45 (1977) (*Lawrie II*), in which the defendants preliminarily objected to a complaint, afterwhich this court sustained two of the preliminary objections and ordered the plaintiff to make specific amendments to the complaint. *General State Authority v. Lawrie and Green,* 24 Pa.Commonwealth Ct. 407, 356 A.2d 851 (1976) (*Lawrie I*). The defendants then, for the first time, filed a demurrer to the amended complaint. This court held that the defendants waived the demurrer by failing to raise it prior to our ruling on the initial set of preliminary objection. We believe *Lawrie II* is distinguishable for two reasons (1) in *Lawrie II* the new preliminary objection was not raised until after this court ruled on the initial set of preliminary objections,

preliminary objection as to the individual Defendants by raising it for the first time in preliminary objections to the amended complaint. *See Martin v. Gerner,* 332 Pa.Superior Ct. 507, 481 A.2d 903 (1984). Accordingly, the Attorney General's preliminary objection is overruled.

We will next consider the Defendants' demurrer to the claims against the individual Defendants. The sole allegation related to the individual Defendants' liability as shareholders and officers of the Corporations is as follows:

> At all times relevant and material hereto, the defendants Nordmark and Peterson controlled and dominated the defendants Events and CBS to such an extent that they acted as their alter egos or instrumentalities in perpetuating the acts complained of.

Amended Complaint, at 19–20, paragraph 29.

Defendants contend that the standard for personal liability for a corporation's activities is that "the corporation was an artifice and a sham designed to execute illegitimate purposes in abuse of the corporate fiction and the immunity that it carries." Defendants' Brief at 14, quoting *Squires v. Charles Zubik & Sons, Inc.,* 384 F.2d 267 (3rd Cir.1967). Defendants assert that the Attorney General has failed to allege facts which meet this standard.

Defendants' preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded facts and all inferences reasonably deduced therefrom. *Commonwealth v. Watson & Hughey Co.,* 128 Pa.Commonwealth Ct. 484, 563 A.2d 1276 (1989). We must sustain the objections only if the complaint fails to state a cause of action which, if proved, would entitle them to the relief

and (2) in *Lawrie II* the plaintiff was ordered to make specific and limited amendments. We find this second distinction particularly compelling. Unlike the plaintiff in *Lawrie II,* the Attorney General was not restricted in the type of amendments he could have made. There being no restrictions on the Attorney General regarding the extent to which the complaint could have been altered, we see no reason to restrict Defendants to the confines of its original set of preliminary objections.

requested, and we must overrule the objections if any doubt remains as to the propriety of dismissing the complaint. *Id.*

■ The immunities accompanying the corporate form may be disregarded and individual liability imposed where there has been a failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and the use of the corporate form to perpetuate a fraud. *Kaites v. Department of Environmental Resources*, 108 Pa.Commonwealth Ct. 267, 529 A.2d 1148 (1987). We hold that the allegations of fraud and intermingling in the complaint are sufficient to state a claim against the individual Defendants.

■ As to the general demurrer to count one, the complaint states that Defendants violated Section 6(a) of the Charitable Organization Reform Act (CORA), Act of April 30, 1986, P.L. 107, 10 P.S. § 161.6(a), which states:

> Every charitable organization which intends to solicit contributions within this Commonwealth, or have funds solicited on its behalf, shall prior to any solicitation, file a registration statement with the [Department of State of the Commonwealth].

Defendants claim that CORA is inapplicable to them because Events and CBS are for-profit corporations and as such are not obligated to register under section 161.6(a).

CORA requires every charitable organization to register and defines charitable organization as any person, meaning any "individual, organization, trust, foundation, group, association, partnership, corporation, society, or any combination of them," [6] which "is or holds itself out to be a benevolent, educational, philanthropic, humane, patriotic, religious or eleemosynary organization or any person which solicits or obtains contributions solicited from the public for charitable purposes." [7] The complaint makes sufficient allegations that Defendants solicited or obtained contributions

6. Section 3 of CORA, 10 P.S. § 161.3.
7. *Id.*

solicited from the public for charitable purposes and were therefore required to register under CORA.

As to the general demurrer to counts two, three and five, Defendants limit their objection to the type of relief sought, contending that the Attorney General requests an unconstitutional remedy, specifically an order permanently enjoining Defendants from future solicitations in this Commonwealth. Defendants contend that such an order would violate their rights under the First Amendment of the United States Constitution by imposing a prior restraint on their protected commercial speech.

Where a complaint states a cause of action, this court has nonetheless struck that portion of a complaint which seeks an unconstitutional remedy. *Watson & Hughey.* It is established law that solicitation for charitable organizations is fully protected speech. *Id.* Thus, the relief permitted by CORA and the Consumer Protection Law must be narrowly tailored to achieve the asserted interest in preventing misleading and deceptive practices.

As part of the remedy sought, the Attorney General requests this court to find that Defendants have engaged in misleading and deceptive fund-raising practices in violation of CORA and the Consumer Protection Law. Thereafter, the Attorney General prays for an order permanently enjoining Defendants from engaging in such practices in the future.

Defendants have no first amendment rights to engage in practices in violation of CORA and the Consumer Protection Law or practices which are misleading and deceptive. *Watson & Hughey.* Defendants have tailored their request for an injunction to only those practices which this court may find to be misleading and deceptive or in violation of CORA and the Consumer Protection Law. We conclude that this request for injunctive relief is sufficiently tailored to satisfy the first amendment restrictions on prior restraints.

As to the demurrer to count four, Defendants contend that the complaint fails to state a violation of section

103(a) of the Foreign Business Corporation Law, 15 Pa.C.S. § 4121(a), which provides "[a] foreign business corporation, before doing business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State." Defendants assert that they were not required to procure a certificate of authority because they were not "doing business" in this state but rather were "merely soliciting business" in this state.

A foreign corporation is not "doing business" in this state by reason of "soliciting or procuring orders, whether by mail or through employees or agents or otherwise, and maintaining offices therefor, where the orders require acceptance without this Commonwealth before becoming binding contracts." 15 Pa.C.S. § 1422(a)(6). Defendants apparently contend that their activities do not constitute "doing business" because they fall within the § 1422(a)(6) exception.

Based on the allegations of the complaint, Defendants solicited charitable donations, not orders for goods. We are doubtful that the solicitation of donations can be construed as culminating in the formation of binding contracts. Additionally, because the only step taken to secure the donations, in the present case, was a phone call by the donee to donors in Pennsylvania, it appears that the donation agreements did not become final "without this Commonwealth." We conclude that the complaint does allege a violation of § 1421, which does not fall within the § 1422(a)(6) exception. Consequently, the preliminary objection to count four of the complaint is overruled.

Accordingly, all of Defendants' preliminary objections are overruled.

## ORDER

AND NOW, January 17, 1991, the preliminary objection of Ernest D. Preate, Jr., Attorney General, on behalf of the Commonwealth of Pennsylvania, and all the preliminary objections of Events International, Inc., et al., defendants,

in the above-captioned matter are overruled. The defendants are directed to file an answer within 20 days.