**Dennis J. BOLOGNA, Appellant,**

v.

**ST. MARYS AREA SCHOOL BOARD.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 11, 1997.

Decided Aug. 20, 1997.

**832**

Dennis J. Bologna, petitioner, for himself.

Donald E. Wright Jr., and Timothy M. Sennett, Erie, for respondent.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Dennis J. Bologna (Bologna), *pro se*, appeals an order of the Court of Common Pleas of the Fifty–Ninth Judicial District[1] (Elk County Branch) (trial court) of this Commonwealth which sustained the preliminary objections of St. Marys Area School Board (Board) and dismissed Bologna's complaint with prejudice.

■ The procedural facts giving rise to the matter before us are as follows. Bologna filed an amended complaint on October 28, 1996 alleging that at a special meeting on August 5, 1996, the Board violated the Sunshine Act (Act), Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286 and was not in compliance with Section 1073(b) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 10–1073(b).[2] The Board filed preliminary objections in the nature of a demurrer to the amended complaint.[3] The preliminary objections were sustained by the trial court by order and opinion dated January 13, 1997.[4] This appeal followed.

In its opinion, the trial court found the facts to be as follows.[5] This case centers upon an August 5, 1996 special meeting of the Board, open to the public, at which reappointment of the district superintendent for a further term was approved by the Board. Notice of the meeting was published in the local newspaper on or before August 3, 1996 and stated the purpose of the meeting was "to discuss and take action on personnel matters and any other business that may come before the Board." Bologna asserts that the reappointment of the superintendent was improper on the grounds that the special meeting was not in compliance with the Act and

1. The Fifty–Ninth Judicial District is comprised of Cameron and Elk counties.

2. Bologna commenced this action by filing a complaint in this Court on or about September 13, 1996 which we transferred to the trial court by order dated September 23, 1996; following transfer, Bologna filed the amended complaint.

3. A demurrer admits as true all well-pleaded material facts as well as inferences reasonably deducible therefrom. *Petula v. Mellody*, 138 Pa. Cmwlth. 411, 588 A.2d 103 (1991); *Common-*

*wealth by Preate v. Events International, Inc.*, 137 Pa.Cmwlth. 271, 585 A.2d 1146 (1991).

4. Bologna's petition for reconsideration was denied by the trial court by opinion and order dated January 30, 1997.

5. Although the facts as related by the opinion of the trial court do not appear in the amended complaint of Bologna, neither he nor the Board filed any objections to those facts. In the interest of judicial economy, we accept those facts as established.

because the reappointment was not in compliance with the Code.

■ Bologna raises four (4) issues [6] on appeal here.[7] However, in essence Bologna argues only two (2) issues. First, he asserts his complaint was timely filed and second, he argues the reappointment was in violation of Section 1073(b) of the Code. Regarding the first issue, Bologna contends he complied with the time requirements of the Act.

■ Specifically, the facts indicate Bologna filed a complaint on September 13, 1996 challenging the August 5, 1996 special meeting of the Board. The Board filed a preliminary objection that the complaint was untimely filed. The trial court agreed, determined the complaint should be dismissed, but nonetheless addressed the other issues raised by the preliminary objections of the Board.

Section 283 of the Act, 65 P.S. § 283, provides in pertinent part, as follows:

*A legal challenge under this act shall be filed within 30 days from the date of a meeting which is open,* or within 30 days from the discovery of any action that occurred at a meeting which was not open at which the act was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting. . . .

(Emphasis added.)

It is undisputed that the special meeting was open and was held on August 5, 1996. It is also undisputed that Bologna's original complaint was filed in this Court on September 13, 1996, well after the thirty (30) day time period. The complaint was clearly untimely. Thus, we find no error of law or abuse of discretion in the trial court's determination that the complaint was untimely filed.

The resolution of the issue of timeliness is not dispositive of the issue of whether the reappointment of the superintendent was proper. Bologna argues that the Board violated the Code in appointing the superintendent because the appointment was in violation of Section 1073(b) of the Code. Section 1073 of the Code provides:

(a) The board of school directors of each school district, except in school districts of the first class, shall meet at its regular place of meeting, during the last year of the term of the district superintendent or at any other time when a vacancy shall occur in the office of district superintendent, at an hour previously fixed by the board. The secretary of each board of school directors shall mail to each member thereof at least five days beforehand, a notice of the time, place and purpose of such meeting. At such meeting the board shall elect or approve a properly qualified district superintendent to serve a term of from three to five years from the first day of July next following his election or from a time mutually agreed upon by the duly elected district superintendent and the board of school directors.

(b) At a regular meeting of the board of school directors occurring at least one hundred fifty (150) days prior to the expiration date of the term of office of the district superintendent, the agenda shall include an item requiring affirmative action by five or more members of the board of school directors to notify the district superintendent that the board intends to retain him for a further term of from three (3) to five (5) years or that another or other candidates will be considered for the office. In the event that the board fails to take such action at a regular meeting of the board of

---

**6.** Bologna specifically contends 1) he met the time requirements of the Act, 2) the Board violated the Act by the manner in which the new superintendent contract was approved, 3) the trial court erred in ruling on matters of fact without an evidentiary hearing, and 4) the Board violated Section 1073(b) of the Code.

**7.** When reviewing a trial court order sustaining a preliminary objection in the nature of a demur-

rer, we are limited to determining whether or not the trial court abused its discretion or committed an error of law. *Rok v. Flaherty,* 106 Pa.Cmwlth. 570, 527 A.2d 211 (1987). Because a demurrer tests the legal sufficiency of a complaint, the only issue presented is whether the factual allegations of the complaint are sufficient to entitle the plaintiff to relief. *Petula.*

school directors occurring at least one hundred fifty (150) days prior to the expiration date of the term of office of the district superintendent, he shall continue in office for a further term of similar length to that which he is serving.

 Bologna argues that the appointment of the superintendent must take place at a regular meeting, instead of, as here, at a special meeting of the Board. We disagree and adopt that portion of the trial court's opinion construing Section 1073 of the Code, which is as follows:

> It is the plaintiff's position that the defendant should have followed the procedure set forth in Subsection (b) and, in not doing so, violated the Code. We disagree. Plaintiff has cited no authority directing that school boards must comply only with Subsection (b) in re-appointing a school superintendent for another term nor has the Court found any. Rather, the proper method for re-appointment is by a meeting of the school board at its regular place of meeting during the superintendent's last term with notice to each school board member at least five days beforehand.... If the school board fails to take any action during the last term of the superintendent, then Subsection (b) is to be followed and the superintendent is to be informed at a regular school board meeting held (sic) least 150 days prior to the expiration of his term as to whether or not he will be retained for another term. We agree with the defendant that Subsection (b) serves to protect the superintendent so that he will know prior to the end of his term whether or not he has continued employment and it directs the school board to take action for failure to do so will result in an automatic re-appointment of the superintendent.
>
> The re-appointment of the school superintendent at the defendant's August 5, 1996, meeting met all the requirements set forth in 24 Pa.C.S.A. § 10–1073(a), and therefore, the re-appointment of the superintendent at that meeting is valid.

Accordingly, we affirm the order of the trial court sustaining the preliminary objections of the Board and dismissing the amended complaint of Bologna with prejudice.

*ORDER*

AND NOW, this 20th day of August, 1997, the January 13, 1997 order of the Court of Common Pleas of the Fifty–Ninth Judicial District of Pennsylvania is affirmed.