## DeFazio v. Board of Directors of North Pocono School District

C.P. of Lackawanna County, no. 03 CV 1247.

*Bruce S. Zero,* for plaintiff.
*John E. Freund III,* for defendants.

NEALON, *J.,* May 21, 2003—The Board of Directors of the North Pocono School District has filed preliminary objections seeking to dismiss this mandamus action which has been brought by the Superintendent of Schools for the North Pocono School District. Plaintiff Louis V. DeFazio asserts that the board failed to comply with the mandatory provisions of the Public School Code of 1949 in the manner in which it declined to renew his contract for another term. An arguable interpretation of the School Code required the board to notify DeFazio of its intention to consider other candidates for superintendent at a "regular meeting" conducted prior to January 31, 2003. Since the board so notified DeFazio at a "special meeting" rather than a "regular meeting" and neglected to take formal action at a "regular meeting" until March 12, 2003 (*i.e.,* 110 days prior to the termination of his contract), DeFazio may be entitled to mandamus relief, and the board's preliminary objections will therefore be denied.

## I. FACTUAL BACKGROUND

The well pleaded averments of the complaint reflect that on March 23, 2000, the board appointed DeFazio as the district superintendent "at a special meeting" conducted pursuant to section 1073 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P. S. §10-1073. (See plaintiff's complaint, exhibit A, p. 1.) The employment contract that was executed by DeFazio and the board provided for a term of

employment of three years and 60 days from April 10, 2000 through June 30, 2003. (*Id.,* ¶1.) Paragraph 12 of the contract governs DeFazio's reappointment rights and states, in pertinent part:

"If, at any time, the board of school directors of the district decides that it does not desire to renew the contract of the superintendent for another term, the district shall notify Dr. DeFazio in writing by certified mail, no later than 150 days of the final year of this agreement, of the district's intent not to reappointment him. Should Dr. DeFazio not be so notified, he shall be reappointed at the next regular board meeting of the board of school directors of the district following the first day of the final year of the agreement for a term of years not less than the length of the expiring term, and the terms and conditions of this agreement shall be incorporated into a successor agreement unless mutually agreed otherwise by the district and Dr. DeFazio." (*Id.,* ¶12.)

During a "special meeting" on December 17, 2002, the board "voted to direct the secretary of the board of education to place an appropriate advertisement for the position of Superintendent of Schools for the North Pocono School District and to further notify Louis V. DeFazio that the board of education will consider other candidates for the position of Superintendent of Schools for the North Pocono School District." (See plaintiff's complaint ¶12.) The complaint is devoid of any allegation that the board elected or approved a new superintendent at the time of the special meeting. To the contrary, DeFazio avers that during a regular meeting of the board on March 12, 2003, a motion was made to extend DeFazio's contract for an additional three years, but a

majority of the board members "voted not to renew Louis V. DeFazio's contract." (*Id.,* ¶11.)

DeFazio maintains that under section 1073(b) of the code, the board was entitled to renew or cancel DeFazio's contract at a regular meeting provided that it occurred at least 150 days before the expiration of his term on June 30, 2003. Since the board failed to take such action at a "regular meeting," as opposed to a "special meeting," prior to January 31, 2003, DeFazio submits that 24 P.S. §10-1073(b) extends his term as superintendent for an additional three years. (*Id.,* ¶¶14-15.) DeFazio commenced this mandamus action on March 21, 2003, seeking an order directing the board to comply with section 1073(b) of the code by renewing his contract for a term through June 30, 2006. (*Id.,* pp. 6-7.)

On April 9, 2003, the board filed preliminary objections in the nature of a demurrer seeking the dismissal of this case on the grounds that it is clear and free from doubt that the board complied fully with the code in declining to renew DeFazio's term as superintendent. The gravamen of the board's demurrer is that the code's requirement that the superintendent be duly notified of his retention or termination at a regular meeting is directory rather than mandatory such that the board was at liberty to take such action at a special meeting instead of a regular meeting. (See defendant's brief, p. 3.) DeFazio counters that the code's provisions governing board actions at special and regular meetings are mandatory and that the board's violation of section 1073 warrants the renewal of his contract by operation of law.[1] The parties

---

1. In his brief, DeFazio asserts that "[t]he legal notice of the special meeting on December 17, 2002, only advised that the special meeting

have submitted their respective memoranda of law and following the completion of oral argument on May 19, 2003, this matter was submitted for a decision.

## II. DISCUSSION

### (A) *Standard of Review*

In its preliminary objections, the board contends that DeFazio's mandamus complaint should be dismissed as a matter of law since "[i]t is clear that [DeFazio] is not entitled to the relief he seeks." (See defendant's brief, pp. 5-6.) When ruling on preliminary objections, "[t]he impetus of our inquiry is to determine the legal suffi-ciency of the complaint and whether the pleading would permit recovery if ultimately proven." *City Lighting Products Co. v. Carnegie Institute,* 816 A.2d 1196, 1197 (Pa. Super. 2003). Stated differently, "[t]he question pre-sented by the demurrer is whether, on the facts averred,

---

was for the purpose of taking action on personnel matters and any other business that may come before the board" and did not furnish adequate "notification that the board was making important decisions concerning the position of Superintendent of Schools." (See plaintiff's brief, p. 9.) However, the complaint itself does not aver that the notice pertaining to the special meeting was invalid under section 709 of the Sunshine Act, 65 Pa.C.S. §709. Preliminary objections in the nature of a demurrer must be decided solely on the basis of the pleadings and the court may not consider averments or evidence outside of the com-plaint when disposing of legal issues presented by a demurrer. *Morley v. Gory,* 814 A.2d 762, 764 (Pa. Super. 2002); *Feldman v. Lafayette Green Condominium Association,* 806 A.2d 497, 500 (Pa. Commw. 2002). Therefore, we cannot consider DeFazio's allegation that the legal notice of the special meeting was insufficient as that contention is dehors the complaint. We would note, parenthetically, that a legal challenge to the validity of an open meeting must be instituted within 30 days of the meeting pursuant to 65 Pa.C.S. §713.

the law says with certainty that no recovery is possible." *Adams v. Copper Beach Townhome Communities L.P.,* 816 A.2d 301, 304 (Pa. Super. 2003).

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations set forth in the complaint, as well as all inferences that can be reasonably deduced therefrom. *Meade v. PennDOT,* 813 A.2d 937, 940 (Pa. Commw. 2002); *Zazzera v. Roche,* 54 D.&C.4th 225, 230 (Lacka. Cty. 2001). Preliminary objections should be sustained only where it is clear and free from doubt that the law will not permit recovery based upon the facts averred and if any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections. *D.N. v. V.B.,* 814 A.2d 750, 752 (Pa. Super. 2002); *Meade, supra.* Furthermore, preliminary objections should not be sustained merely because of the novelty of a claim or theory that is being advanced in the challenged pleading. *Denton v. Silver Stream Nursing and Rehabilitation Center,* 739 A.2d 571, 575 (Pa. Super. 1999); *Olsofsky v. Progressive Insurance Co.,* 52 D.&C.4th 449, 455 (Lacka. Cty. 2001).

### (B) *School Code Requirements*

Resolution of the district's preliminary objections is controlled by the provisions of the School Code governing the manner in which superintendents may be approved or discharged. Unlike principals, teachers, and other professional employees, superintendents do not enjoy tenure nor are they protected by collective bargaining under Act 195. Nevertheless, superintendents

have "obviously been given select consideration by the legislature in the School Code" which provides them with "[l]ong-term job security for that office . . . by mandating a minimum contract length of at least three years, by restricting removal to four specific reasons, [and] by forcing the school boards to make a decision on retention at least five months before the expiration of the contract . . . ." *Burns v. Board of Directors of Uniontown Area School District,* 748 A.2d 1263, 1266 (Pa. Commw. 2000). To that end, section 1073 of the code entitled "Manner of election or approval" states:

"(a) The board of school directors of each school district, except in school districts of the first class, shall meet at its regular place of meeting, during the last year of the term of the district superintendent or at any other time when a vacancy shall occur in the office of district superintendent, at an hour previously fixed by the board. The secretary of each board of school directors shall mail to each member thereof at least five days beforehand, a notice of the time, place and purpose of such meeting. At such meeting the board *shall elect or approve* a properly qualified district superintendent to serve a term of from three to five years from the first day of July next following his election or from a time mutually agreed upon by the duly elected district superintendent and the board of school directors.

"(b) At the regular meeting of the board of school directors occurring at least 150 days prior to the expiration date of the term of office of the district superintendent, the agenda shall include an item requiring affirmative action by five or more members of the board of school directors to notify the district superintendent that the

board intends to retain him for a further term of from three (3) to five (5) years or that another or other candidates will be considered for the office. *In the event that the board fails to take such action at a regular meeting of the board of school directors occurring at least 150 days prior to the date of the term of office of the district superintendent, he shall continue in office for a further term of similar length to that which he is serving."* 24 P.S. §10-1073(a)-(b). (emphasis added)

The plain language of the code provides school boards with two options when addressing the appointment or termination of a superintendent. First, under section 1073(a), the board may convene a duly noticed regular meeting or special meeting during the last year of the superintendent's term in order to "elect or approve a properly qualified district superintendent to serve a term of from three to five years." In the alternative, the board may proceed under section 1073(b) by conducting "a regular meeting . . . at least 150 days prior to the expiration date" of the superintendent's term "to notify the district superintendent that the board intends to retain him for a further term . . . or that another or other candidates will be considered for the office." If the board "fails to take such action at a regular meeting" at least 150 days before the date on which the superintendent's term expires, section 1073(b) mandates that "he shall continue in office for a further term of similar length to that which he is serving."

In the case at hand, the board did not hold a special or regular meeting under section 10-1073(a) to "elect or approve" a superintendent, nor did it convene "a regular meeting" at least 150 days prior to the expiration of

DeFazio's term on June 30, 2003, to notify him of its intention to either retain him or consider other candidates for superintendent. Instead, the board conducted a "special meeting" on December 17, 2002, at which time it directed the secretary to advertise the position of superintendent and to notify DeFazio that other superintendent candidates would be considered. It is beyond dispute that the board did not "elect or approve" a superintendent during the "special meeting" on December 17, 2002. The only "regular meeting" of the board which formally addressed DeFazio's employment status occurred on March 12, 2003, which was less than 150 days prior to the expiration of his term on June 30, 2003. DeFazio submits that the action which was taken by the board during the "special meeting" on December 17, 2002, could only have been conducted during a "regular meeting" prior to January 31, 2003, and that the district's failure to take such statutory action entitles DeFazio to a new term under 24 P.S. §10-1073(b).

Relying upon *Bologna v. St. Mary's Area School Board,* 699 A.2d 831 (Pa. Commw. 1997), the board asserts that section 1073 of the code clearly empowered it to notify DeFazio of its employment intentions at a special meeting rather than a regular meeting. In *Bologna,* the school board held a special meeting at which it approved the reappointment of the district superintendent in accordance with section 1073(a) of the code. The plaintiff challenged the board action and argued that the reappointment of a superintendent "must take place at a regular meeting instead of, as here, at a special meeting of the board." *Id.* at 834. In affirming the trial court's rejection of that argument, the *Bologna* court concluded that

a board may elect or reappoint a superintendent at a special meeting pursuant to 24 P.S. §10-1073(a), but if it fails to do so, it must then proceed under section 1073(b) by convening a regular meeting at least 150 days before the superintendent's term expires to notify him whether he will be retained for another term. *Id.*

*Bologna* is distinguishable from the case sub judice in that the St. Mary's Area School Board did "elect or approve" a superintendent at a special meeting as authorized by the clear language of 24 P.S. §10-1073(a). Instantly, the North Pocono School Board did not "elect or approve" a superintendent at its special meeting on December 17, 2002; rather, it merely notified DeFazio of its intention to consider other superintendent candidates, a board action which section 1073(b) indicates may be undertaken only at a regular meeting. Literal application of the words employed by the legislature in 24 P.S. §10-1073 suggests that the actions which were taken by the board at the special meeting on December 17, 2002, should have been conducted during a regular meeting prior to January 31, 2003. The failure of the board to follow the directive in section 1073(b) arguably entitles DeFazio to an automatic renewal of his contract by operation of law. In that event, a majority of the board may remove him from office only "for neglect of duty, incompetency, intemperance or immorality" following a due process hearing. *Burns,* 748 A.2d at 1267-68 n.13.

The board contends that it furnished DeFazio with the requisite 150 days notice of its intentions, albeit during a special meeting, and thereby achieved the notification goal of section 1073 of the code. The board alleges that the requirement in section 1073(b) that the statutory no-

tice be provided at a regular meeting is merely directory such that the board was entitled to afford the requisite notice at a special meeting. However 24 P.S. §10-1073(b) unequivocally states that only the agenda for a regular meeting "shall" include such action and that "[i]n the event that the board fails to take such action at a regular meeting," the superintendent "shall continue in office for a further term of similar length." The General Assembly's use of the word "shall" rather than "may" usually connotes a mandatory interpretation instead of a discretionary one, *Jennison Family Limited Partnership v. Montour School District,* 802 A.2d 1257, 1262 (Pa. Commw. 2002), *appeal denied,* 572 Pa. 738, 815 A.2d 635 (2003), particularly where time is of the essence with regard to the action to be taken. *School District of Philadelphia v. Independence Charter School,* 774 A.2d 798, 802 (Pa. Commw. 2001). As such, it is not clear and free from doubt that the code's directive as to what "shall" be done at a regular meeting is merely directory. Cf. *Lake Naomi Club Inc. v. Monroe County Board of Assessment Appeals,* 782 A.2d 1121, 1124 (Pa. Commw. 2001) ("By definition, 'shall' is mandatory and accordingly, there is no room to overlook the statute's plain language to reach a different result."), *appeal denied,* 568 Pa. 638, 793 A.2d 911 (2002).

Although the board acknowledges the above quoted terminology employed in section 1073(a) and (b) of the code, it asserted at the time of oral argument that the legislature could not have intended to prohibit a school board from furnishing the statutory notice at a special meeting as opposed to a regular meeting. However, the plain language of the statute indicates to the contrary,

and if the words of a statute are clear and unambiguous, it is not our prerogative to speculate about supposed legislative intent. See *Schering-Plough Healthcare Products Sales Corp. v. Commonwealth,* 805 A.2d 1284, 1289 (Pa. Commw. 2002). It is a fundamental precept of statutory construction that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Beemus v. Interstate National Dealer Services Inc.,* 2003 WL 2007917, *4, ¶14 (Pa. Super. 2003) (quoting 1 Pa. C.S. §1921(b)). Hence, our charge is to interpret 24 P.S. §10-1073 as written since "[i]t is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Commonwealth v. Tate,* 572 Pa. 411, 413, 816 A.2d 1097, 1098 (2003). As stated above, the plain language of the code states that a school board may only "elect or approve" a superintendent at a special meeting and expressly reserves formal action involving the statutory notice for regular meetings.

Consequently, accepting as true DeFazio's factual allegations and all inferences fairly deducible therefrom, the board has not established that the law says with certainty that DeFazio may not secure mandamus relief under 24 P.S. §10-1073(b).[2] Thus, DeFazio's mandamus

---

2. The record does not reflect whether DeFazio was furnished with at least 150 days notice "in writing by certified mail" as per paragraph 12 of his contract. Although a mandamus action is an appropriate procedure to enforce the board's statutory duties under the code, any claims predicated upon a provision in DeFazio's employment agreement should be pursued via a breach of contract action. *Burns,* 748 A.2d at 1269.

action should not be dismissed at this preliminary stage and the board's demurrer will therefore be denied. An appropriate order follows.

## ORDER

And now, May 21, 2003, upon consideration of the "preliminary objections of defendants to plaintiff's complaint," the memoranda of law submitted by the parties and the oral argument of counsel on May 19, 2003, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) Defendant's preliminary objections to plaintiff's complaint are overruled and denied; and

(2) Within 20 days of the date of this order, the defendants shall file and serve a responsive pleading to the complaint.