Frank M. DeFAZIO, Appellee,

v.

William G. GREGORY t/d/b/a, Timber Wolf Lumber Company, and t/d/b/a E. Gregory & Sons Logging, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 25, 2003.
Filed Nov. 7, 2003.

**936**

James J. Bruno, Erie, for appellant.

Gary H. Nash, Erie, for appellee.

Before: JOHNSON, MUSMANNO, JJ. and McEWEN, P.J.E.

JOHNSON, J.

¶ 1 William G. Gregory t/d/b/a Timber Wolf Lumber Company and t/d/b/a E. Gregory & Sons Logging ("Gregory") appeals the judgment entered following the trial court's denial of his post-trial motion. Gregory argues that the trial court erred or abused its discretion in denying his preliminary objections to plaintiff Frank M. DeFazio's ("DeFazio") complaint, which alleged that Gregory breached the parties' contract relating to the timber on DeFazio's land and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Furthermore, Gregory asserts that the court erred in granting DeFazio's motion for partial summary judgment as to liability. Finally, Gregory, assuming *arguendo* that DeFazio had an actionable claim under the UTPCPL, asserts that the court erred by applying an incorrect measure of damages.

For the following reasons, we reverse the trial court's denial of Gregory's preliminary objections and remand for proceedings not inconsistent with this Opinion.

¶ 2 The parties dispute whether the contract at issue was a contract for the sale of timber on a portion of the property surrounding DeFazio's residence in Erie or whether it was a contract for Gregory's timber cutting services. The resolution of this distinction determines whether the UTPCPL applies to the contract. The parties entered into the contract on June 23, 1999, after Gregory solicited DeFazio at his residence. The contract is a one-page form document with blanks into which individualized information was inserted. At the top of the document in large, bold-face capital letters are the words "CONTRACT FOR SALE OF TIMBER." The contract states, "This agreement entered into this 23[rd] day of June 1999 whereby Frank M. DeFazio . . . sells and conveys to _____ . . . the timber located on the property/farm, consisting of about 7 acres." The contract further states that "Said timber is more fully described as follows: marketable timber 16 in. cut." The contract, which was later amended, provides for Gregory to pay DeFazio $6,000 and acknowledges DeFazio's receipt of $500; the contract is ambiguous as to whether the balance would be paid by "the 30th June" or when Gregory "starts to cut said timber." Other provisions of the contract relate to Gregory's ability to access the property, a timeframe for removal of the timber, and a declaration of DeFazio's ownership of the property.

¶ 3 The parties modified the agreement by increasing the contract price when it became apparent that the parties had underestimated the number of acres involved. During this time period, Gregory made payments to DeFazio totaling $3,000.

Soon after the modification, DeFazio blocked Gregory's access to the land based on his belief that Gregory was logging a significantly larger number of trees than the contract allowed. As a result, Gregory refused to remit the balance of the contract price to DeFazio.

¶ 4 In November 1999, DeFazio filed a complaint alleging breach of contract and violations of the UTPCPL and included a statement purportedly exercising his right under the UTPCPL to rescind the contract. Gregory filed preliminary objections which were denied by the Honorable William R. Cunningham. DeFazio filed a motion for summary judgment to which Gregory did not respond as required by Erie County Local Rule 302. The Honorable Shad Connelly granted DeFazio's motion for summary judgment on October 23, 2001. In December 2001, Judge Connelly denied Gregory's motion for reconsideration following summary judgment except as to the amount of damages. The Honorable Elizabeth K. Kelly presided over a bench trial limited to the issue of damages in December 2002 and entered judgment against Gregory in the amount of $45,177.50. Gregory now appeals the judgment entered.

¶ 5 Gregory presents the following questions for our review:

1. WHETHER THE LOWER COURT BELOW ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT DENIED GREGORY'S PRELIMINARY OBJECTIONS AND GRANTED DEFAZIO'S MOTION FOR SUMMARY JUDGMENT IN THAT THE FACTS OF THE CASE DID NOT, AS A MATTER OF LAW, PERMIT DEFAZIO TO EITHER RECIND THE SALES CONTRACT OR MAINTAIN A PRIVATE CAUSE OF ACTION UNDER THE APPROPRIATE SECTIONS OF THE UTPCPL?

2. ASSUMING THAT DEFAZIO HAD AN ACTIONABLE CLAIM UNDER ANY PROVISION OF THE UTPCPL, WHETHER THE COURT BELOW COMMITTED AN ABUSE OF DISCRETION AND/OR AN ERROR OF LAW BECAUSE IT APPLIED AN INCORRECT MEASURE OF DAMAGES TO THE FACTS OF THE INSTANT CASE?

Brief for Appellant at 7.

■■■ ¶ 6 As we conclude that the court erred in denying Gregory's preliminary objections, we will not reach the merits of whether the court erred in granting summary judgment or in determining damages. Our standard of review regarding the denial of preliminary objections in the nature of a demurrer is clear.

When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*D.N. v. V.B.*, 814 A.2d 750, 751–52 (Pa.Super.2002) (internal citations, quotations and modifications omitted).

¶ 7 Gregory asserts that the trial court erred in denying his preliminary objections because Count II of DeFazio's complaint failed to make out a claim for recovery under the UTPCPL. Brief for Appellant at 12. Gregory claims that the UTPCPL does not apply because the contract is not governed by the UTPCPL sections asserted in DeFazio's complaint, namely 73 P.S. § 201–7 "Contracts; effect of rescission," and 73 P.S. § 201–9.2 "Private actions." Brief for Appellant at 12–17. Gregory asserts that under the UTPCPL, the buyer, not the seller, is protected by the relevant provisions. Brief for Appellant at 15–16. Therefore, he reasons that DeFazio is not protected by the provisions because under the contract, Gregory was the buyer of timber from DeFazio, rather than DeFazio's assertion that DeFazio purchased timber cutting services from Gregory. Brief for Appellant at 15–16.

¶ 8 The UTPCPL provides for private actions as follows:

### § 201–9.2. Private actions

(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201–9.2. Section 201–9.2(a) further allows for treble damages and the award of costs and attorney fees. *See Id.* The referenced Section 3 in Section 201–9.2 refers to 73 P.S. Section 201–3 which declares unlawful a variety of "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" as defined by Section 201–2(4). 73 P.S. § 201–3. DeFazio claims violations of five of the subsections of Section 201–2(4), the details of which are not material to the resolution of this appeal.

¶ 9 In his complaint, DeFazio predicates his ability to rescind the contract and recover the value of the cut trees based on Gregory's alleged violation of Section 201–7 which provides as follows:

### § 201–7. Contracts; effect of rescission

(a) Where goods or services having a sale price of twenty-five dollars ($25) or more are sold or contracted to be sold to a buyer, as a result of, or in connection with, a contact with or call on the buyer or resident at his residence either in person or by telephone, that consumer may avoid the contract or sale by notifying, in writing, the seller within three full business days following the day on which the contract or sale was made and by returning or holding available for return to the seller, in its original condition, any merchandise received under the contract or sale. Such notice of rescission shall be effective upon depositing the same in the United States mail or upon other service which gives the seller notice of rescission.

73 P.S. § 201–7(a). Section 201–7 also requires the seller to provide at the time of sale or contract a copy of the contract which must contain a statement relating to the buyer's right to cancel pursuant to sub-section (a) along with a specified "Notice of Cancellation" form set forth at Section 201–7(b)(2). *See* 73 P.S. § 201–7(b)(2). The time period for the right to cancel does not begin to run until the buyer has received notice of the right and has been provided with the form. *See* 73 P.S. § 201–7(e).

¶ 10 The UTPCPL does not specifically define the terms in the Sections 201–7 and 201–9 that are crucial to the outcome of this case. We therefore must determine the meanings of "purchases" in Section 201–9 and "buyer," "consumer," and "seller" in Section 201–7. Where we have not been provided with a definition, our Legislature has instructed us to construe words and phrases "according to their common and approved usage." 1 Pa.C.S. § 1903(a). Webster's Dictionary defines "purchase" as "to obtain (as merchandise) by paying money or its equivalent: buy for a price ...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1844 (1976); *see also Gottlieb v. Tropicana Hotel & Casino*, 109 F.Supp.2d 324, 331 (E.D.Pa.2000) (defining "purchase" under the UTPCPL). "Buyer" is defined merely as "PURCHASER" and "purchaser" as "one that purchases: ... one that acquires property for a consideration (as of money): BUYER, VENDEE ...." *Id.* at 306, 1845. Furthermore, a "seller" is "one that offers for sale" whereas a "consumer" is "one that utilizes economic goods...." *Id.* at 2062, 490.

¶ 11 As noted above, we review the trial court's actions for error or abuse of discretion. *See D.N.*, 814 A.2d at 752. Furthermore, we must treat all of DeFazio's factual averments as true and give him the benefit of all fairly deducible inferences. *See id.* at 751. Additionally, preliminary objections in the nature of a demurrer should not be granted unless it appears "with certainty that the law would not permit recovery ... upon the facts averred." *Id.* at 752.

¶ 12 Although many of the averments contained in Count II of DeFazio's complaint, including Paragraphs 36 and 48, arguably constitute legal conclusions, we will treat the following averments as fact and accept them as true for the purposes of determining DeFazio's ability to bring a private action under Section 201–9.2:(1) the services purchased were for "personal, family or household purposes," (2) Gregory misrepresented in the contract the amount of timber to be cut as well as the actual amount cut and instructed his employees to misrepresent the amount actually cut, and (3) DeFazio suffered damages. Complaint, 11/8/99, at ¶¶ 36, 48, 50. Similarly, we treat as true DeFazio's averments related to Section 201–7 alleging that the contract was for goods or services in excess of $25 and that the contract resulted from Gregory soliciting DeFazio at his residence. Complaint, 11/8/99, at ¶¶ 43, 50. However, as a matter of law, we are unable to accept that the contract was for "the purchase of timber cutting and lumber processing services from [Gregory]," Complaint, 11/8/99, at ¶ 37, such that DeFazio would qualify as a "person who purchases or leases goods or services" under Section 201–9.2 or a "buyer" under Section 201–7.

¶ 13 The terms of the UTPCPL sections are unambiguous. Section 201–7 protects the "buyer" who purchases goods or services at the buyer's residence. Though the UTPCPL does not define the term "buyer," we can be certain that it does not mean seller. Furthermore, we conclude that "purchases" in Section 201–9.2 cannot be defined as "sells." Therefore, we hold that a seller cannot bring a private action under Section 201–9.2 and a seller does not have a right to rescind under Section 201–7.

¶ 14 We next turn to the language of the contract at issue to determine whether DeFazio was a buyer who purchased goods or services under the contract. "When reviewing a question of contract interpretation, this Court's scope of review is plenary. We are free to draw our own inferences and need not rely on the findings of the trial court." *County of*

*Delaware v. J.P. Mascaro & Sons, Inc.,* 830 A.2d 587, 591 (Pa.Super.2003) (citations omitted). We recently discussed a court's role in contract interpretation:

The ultimate goal of interpreting a contract is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. A contract is not rendered ambiguous by the mere fact that the parties do not agree upon its proper construction. In determining whether an ambiguity exists, the court may consider whether alternative or more precise language, if used, would have put the matter beyond reasonable question. Where contract language is clear and unambiguous, the court shall interpret the agreement as expressed, rather than silently intended.

*Id.* (internal citations and quotations omitted).

¶ 15 The contract is unambiguously entitled "CONTRACT FOR SALE OF TIMBER" without any mention of "timber cutting services." More importantly, the nature of the contract is clear from its terms: "This agreement entered into this 23[rd] day of June 1999 whereby Frank M DeFazio ... sells and conveys ... the timber located on the property/farm, consisting of about 7 acres." We are unable to contemplate any language that would be more precise. The nature of the contract is not rendered ambiguous merely because DeFazio asserts that it was for timber cutting services. DeFazio is therefore the seller and Gregory the buyer under the contract. We reiterate that Sections 201–7 and 201–9.2 clearly provide protection and a right of private action for a buyer, not a seller. As a matter of law, we conclude that the trial court erred in holding that Sections 201–7 and 201–9.2 apply to the contract. As a result, we conclude that the trial court erred when it denied Grego-

ry's preliminary objections related to De-Fazio's UTPCPL claims.

¶ 16 We will not address Gregory's second issue regarding damages or the grant of summary judgment as we are reversing and remanding for further proceedings consistent with this Opinion.

¶ 17 Judgment **REVERSED**. Case **REMANDED**. Jurisdiction **RELINQUISHED**.