J-S01045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| A.S.S. | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| v. | |
| J.S. | |
| Appellee | No. 1526 WDA 2014 |

Appeal from the Order August 25, 2014
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2014-1477

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED JANUARY 08, 2015**

Appellant, A.S.S., appeals *pro se* from the order entered in the Mercer County Court of Common Pleas, which dismissed his petition for contact with his minor brother, M.S. ("Child"), for lack of standing.  Appellant is serving a term of three to six years' imprisonment for aggravated assault.  On May 21, 2014, Appellant filed a petition for contact with Child in the form of letters and phone calls.  Appellee, J.S., is Appellant's and Child's adoptive mother; Appellee opposed Appellant's request for contact.  Following a hearing, the court dismissed Appellant's petition on August 25, 2014, for lack of standing.  On September 12, 2014, Appellant timely filed a *pro se* notice of appeal.[1]

_____

[1] Appellant did not file a concise statement of errors contemporaneously with his notice of appeal per Pa.R.A.P. 1925(a)(2)(i).  On September 16, 2014,
*(Footnote Continued Next Page)*

Section 5324 of the Child Custody Act provides that only the following individuals can file an action for any form of physical or legal custody of a child: (1) a parent of the child; (2) a person who stands *in loco parentis* to the child; or (3) a grandparent of the child who is not *in loco parentis* to the child (in certain situations). 23 Pa.C.S.A. § 5324. Based on the clear language of the statute, siblings lack standing to bring an action for custody or visitation. *Id. See also Ken R. on behalf of C.R. v. Arthur Z.*, 546 Pa. 49, 682 A.2d 1267 (1996) (holding appellant lacked standing to bring action for visitation with her half-sisters; standing analysis in custody actions applies to actions for visitation); *D.N. v. V.B*, 814 A.2d 750 (Pa.Super. 2002) (holding appellant lacked standing to seek custody, partial custody, or visitation with her minor siblings; where legislature enacts specific statute addressing custody and visitation and does not include right of siblings to seek court-ordered custody or visitation with their siblings, we are bound to follow legislature's directive and exclude persons not explicitly pronounced); *Weber v. Weber*, 524 A.2d 498 (Pa.Super. 1987), *appeal dismissed as improvidently granted*, 517 Pa. 458, 538 A.2d 494 (1988) (holding adult

*(Footnote Continued)* _____

the court ordered Appellant to file a Rule 1925(b) statement, and Appellant complied. We decline to find waiver for Appellant's technical noncompliance with the rules. *See J.P. v. S.P.*, 991 A.2d 904 (Pa.Super. 2010) (explaining failure to file concise statement with notice of appeal constitutes defective notice of appeal, which court can dispose of on case-by-case basis; declining to find waiver of issues for technical violation of procedural rules outlined in Rule 1925(a)(2)(i)).

sister lacked standing to bring action for partial custody of minor sibling over objections of minor child's parents).[2]

Instantly, Appellant is Child's brother. Appellant makes no assertion that he is Child's parent, grandparent, or stands *in loco parentis* to Child. Thus, Appellant lacks standing to bring an action for custody or visitation with Child.[3] *See* 23 Pa.C.S.A. § 5324; *Ken R., supra*; *D.N., supra*; *Weber, supra*. The court properly dismissed Appellant's petition for contact with Child, based on Appellant's lack of standing. Accordingly, we affirm.

Order affirmed.

_____

[2] *Ken R.*, *D.N.*, and *Weber* relied on former statutes governing standing in custody matters (*see* 23 Pa.C.S.A. §§ 5301-5315; repealed effective January 24, 2011, by Act of November 23, 2010, P.L. 1106, No. 112, § 1), which contained language similar to the standing provisions in the current statute.

[3] Appellant relies on New Jersey law for the proposition that the trial court should have considered Child's best interests when ruling. In *Ken R., supra*, the Supreme Court considered a similar argument and rejected it, stating: "In light of our case law and the principles of statutory construction, we are constrained to find that siblings do not have standing to seek court ordered visitation with their siblings in Pennsylvania." *Ken R., supra* at 53, 682 A.2d at 1270.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2015